ABELA *et al. vs.* LOUIKA *et al.*

MOTION FOR NEW TRIAL.    BEFORE ALLEN, C.J.

SEPTEMBER, 1871.

It must appear affirmatively that alleged newly-discovered evidence is not cumulative, or new trial will not be granted.

Affidavits as to subornation of opposing witnesses are regarded with great caution, when introduced as ground for new trial.

New trial refused.

DECISION OF ALLEN, C.J.

This is a motion for a new trial, by the counsel for the defendants, on the ground of newly discovered evidence, and for an alleged payment by one of the plaintiffs to Keaimakani for testifying in their behalf.   The action was ejectment, to recover possession of a piece of land with the buildings thereon, situated in Honolulu, and which was granted by Royal Patent to one Keoni.   The plaintiffs claimed that he was the son of Kaiana, and the defendant's that he was the son of Kaahaaina; and the parties claim inheritance accordingly.   It was agreed by both parties that his mother was Kaakau.

It appears that both parties introduced witnesses to prove who the father of Keoni was; the plaintiffs contending that his name was Kaiana, and the defendants that his name was Kaahaaina. The defendants now aver that they can produce additional testimony to prove that Keoni was the son of Kaahaaina, although they fail to produce the affidavits of the witnesses by whom they propose to make this proof.

From the statement of counsel, it remains uncertain whether they can obtain the testimony they seek.   They say in their brief that the defendants did not succeed in procuring any affidavits at Koolau as to the paternity of Keoni, the said Kaukanaka (one of the defendants) being a stranger at Koolau.   The evidence offered is merely cumulative, and it is generally easy to find some additional evidence after a trial.

It is not pretended that the discovered evidence was placed beyond the control of the defendants by means of the other party, but it is simply a neglect to procure witnesses which it is alleged will strengthen the testimony already given.

It is not apparent to the Court that there could have been surprise on the defendant, for it appears that Abela, one of the plaintiffs, was appointed administrator of the estate of Keoni, in May, 1867, and on the testimony which is declared now by the defendants to be corruptly obtained. The defendants have certainly had fair warning, and any omission or neglect to procure additional testimony in corroboration of what they have already given, is no ground for a new trial.

I regard it as unnecessary to present authorities to show that newly discovered evidence, merely cumulative, is no ground for a new trial. It must appear affirmatively that the evidence is not cumulative. Hilliard, in his valuable work on New Trials, page 381, recognizes the following authority, in relation to the multiplication of witnesses to one point: "It is said that if a new trial is granted, there are two witnesses who were not known to the defendant at the time of the destruction of the Catherine. This was the fact principally controverted at the former trial, and we are now applied to for another, because all the witnesses who knew something of the matter have not been examined." This is analogous to the case at bar. On the subject of relationship, in very many cases, there might be several trials, and yet additional witnesses could be procured who could give evidence upon the fact in controversy. Courts must adhere to settled principles, and perhaps there is none sustained by more numerous and reliable authorities than that newly discovered evidence, merely cumulative, is no ground for a new trial.

The second ground for a new trial is that one of the witnesses on the part of the plaintiffs was suborned to testify falsely. Kuaiwa files an affidavit that Keaimakani, a witness for the plaintiffs, told him that he was hired to give testimony for the plaintiffs, and was to receive $10, and also the affidavit of

Keaumu, that Keaimakani told him that he had received $10 for testifying for the plaintiffs.

Kaukanaka, one of the defendants, swears, as by his affidavit appears, that he heard one of the material witnesses, examined by the plaintiffs in this trial, declare in presence of himself and others, that he and another witness examined for the plaintiffs had received $10 each from one of the plaintiffs, to induce him to give testimony to sustain the plaintiffs' allegation that Kaiana was the father of Keoni. The affidavit is very deficient in not stating who the witnesses were who made these declarations.

The affidavit of Keaimakani is introduced, in which he swears that he never said to Kaukanaka, or any one else, he had received any promised $10 or any other sum of money to induce him to testify as he testified, and that the statement is wholly false, and that he never was promised any sum, or received any money for testifying as he did testify. Abela and Kalokalani, who, with their sister Iokapela, are the plaintiffs, file an affidavit in which they swear, in substance, that they never offered to pay money, and never did pay money, to influence any one of the witnesses to testify as they did testify at the trial, or to testify falsely.

Kauiki swears, as appears by his affidavit, that he has not met, seen, or spoken to Kaukanaka from the day of the trial to the present day, that is, the day he made oath to the affidavit, and that he has not said to him, or anyone else, that he had received $10, or any other sum from the plaintiffs, or either of them, or from any other person on their behalf, nor has he been promised any gratuity of any kind to induce him to testify as he testified, or for any other purpose, nor has he received from the plaintiffs any money to influence his testimony. This witness and Keaimakani were the only witnesses to the paternity of Keoni introduced at the trial by the plaintiffs.

The affidavits of the parties are in direct contradiction to each other. The denial in the affidavits introduced by the plaintiffs is direct to the statements made in the affidavits of defendants and those introduced by them.

Courts regard with great caution the affidavits of this character, when introduced as a ground for a new trial; but in this case they are so fully contradicted, and by testimony as much to be relied upon as that introduced by the defendants, that the Court cannot regard them as sustaining the charge of bribery.

Motion for a new trial overruled.

*A. F. Judd,* for plaintiffs.

*C. C. Harris & J. Montgomery,* for defendants.

Honolulu, September 14, 1871.